**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT LEE WRIGHT, III,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　**CASE NO. 4:24-CV-00088-MW-MAF**

**SUNRISE BANKS, ET AL.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, Robert Lee Wright III, a prisoner proceeding *pro se*, initiated this case by filing a pleading titled "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 and 81 U.S.C. § 1913. Pro se Prisoner Litigants Filing Civil Rights Complaints in Actions under 28 U.S.C. 1331 and or 1346 Based Upon the Constitution of 1902. Sixteenth Amendment Complaint." ECF No. 1. Liberally construed, the filing was an attempt to file a civil rights complaint pursuant to Section 1983. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Plaintiff did not file a motion to proceed *in forma pauperis* (IFP) and did not pay the filing fee. This Court screened Plaintiff's filing as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found the initial filing legally insufficient as a complaint. ECF No. 5. The Court issued an Order advising

Plaintiff that this case would likely be dismissed if he did not correct the deficiencies and directed him to either file an IFP application or pay the filing fee by **April 8, 2024**. Id. For the reasons stated, it is recommended that the case be dismissed and closed.

I. **Standard of Review**

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).  A brief discussion of the procedural history is warranted.

## II. Plaintiff's Procedural History.

Plaintiff initiated this case with a handwritten pleading against Sunrise Banks and "Attorney General," but he did not use the Court's complaint form. ECF No. 1. Plaintiff also submitted a filing entitled "Motion to Sue for a Counterclaim habeas corpus de facto de jure prima facie for $500,000,000.00 to unclaimed property" and another filing which is titled

similarly to the Court's complaint form, but which suffered from the same defects as his initial pleading. See ECF Nos. 2, 4. The Court found the pleadings legally insufficient to serve as a proper complaint and struck them, as they did not otherwise comport with the Rules governing federal cases. ECF No. 5. The Court outlined the proper course of proceeding and gave Plaintiff until **April 8, 2024**, to amend and to either file a complete IFP application or pay the $405 filing fee. Id.

Subsequently, Plaintiff submitted another improper filing, which only contained a title. ECF No. 6. The Court struck the filing because it failed to comport with the Local Rules. ECF No. 7. To date, Plaintiff failed to comply with the Court's order to file a proper complaint and to either file a complete application to proceed IFP or pay the fee.

## III. Discussion

"A party who files . . . a civil case must simultaneously either pay any fee required . . . or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The IFP motion must be supported by copies of Plaintiff's inmate account statement for the six (6) month period immediately preceding the filing of the complaint.

The Clerk of Court provided Plaintiff with the proper form. ECF No. 5. The Court directed Plaintiff to either complete the IFP application and submit

the supporting inmate account statements or pay the $405 filing fee. Id. The Court advised Plaintiff that this case would not proceed without a proper IFP application or payment of the fee. Id. Plaintiff did not comply—instead, he filed a pleading which was unresponsive or did not comply with the Rules governing this proceeding. See ECF No. 6.

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are *ignored*, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)). Emphasis added.

As previously stated, Plaintiff had until **April 8, 2024**, to comply but has not done so. First, the Court struck Plaintiff's filings as improper; and the Court advised him to file a proper complaint and to either submit a complete

IFP application or pay the filling fee. ECF No. 5. The Court advised Plaintiff of the proper way to proceed, in this case and in several other cases.[1] ECF Nos. 5, 7. Such defiance to this Court's orders need not be tolerated. Id. As such, dismissal is appropriate.

## IV. Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint be **DISMISSED** for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

**DONE AND ORDERED** this 15th day of April 2024.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections

---

[1] See N.D. Fla. Nos. 4:24-cv-00006-MW-MAF, Wright v. McHenry, et al. (dismissed for failure to comply with court orders); 4:24-cv-00011-AW-MAF, Wright v. Donovan (dismissed for failure to comply with court orders); 4:24-cv-00012-MW-MAF, Wright v. McHenry (dismissed as frivolous and for failure to comply with court orders).

to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

Case No. 4:24-CV-00088-MW-MAF